IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CV-300

| | |
|---|---|
| JAMES V. PARKER, JR., | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| PNC BANK, NATIONAL ASSOCIATION, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 9) and Memorandum in Support (Doc. No. 11). Plaintiff has not filed a response, and the allotted time in which to do so has passed. For the reasons set forth below, Defendant's Motion is **GRANTED**.

**I. BACKGROUND**

In August 2006, Plaintiff James V. Parker and United Community Mortgage Services, Inc. entered into a construction loan agreement in which Parker was loaned the costs of constructing a home in Hayesville, North Carolina. The agreement was subsequently amended and supplemented for the purpose of making the loan a permanent loan and was recorded with the Clay County Register of Deeds on July 10, 2007. (Doc. No. 11 Ex. A). In order to secure the loan, Parker executed a Note in favor of United Community Mortgage Services in the principal amount of $271,800.00. (Doc. No. 11 Ex. B). Parker also executed a Deed of Trust on real property located at 131 Jarrett Oaks Drive, Hayesville, North Carolina. Thereafter, the Note and Deed were assigned to National City Mortgage Company, which later merged with Defendant

PNC Bank, making Defendant the current holder in due course of the loan, Note, and Deed. (Affidavit of Brian Arthur ¶ 6, Doc. No. 10).

Parker filed his Complaint in North Carolina Superior Court, Clay County, on April 19, 2013, asserting claims against Defendant for negligence, breach of contract, specific performance, trespass to chattels, and unfair and deceptive trade practices. (Doc. No. 1 Ex. A). The allegations in the Complaint stemmed from a purported oral agreement between the two parties that Defendant would refinance Parker's mortgage at a reduced interest rate, and asserted that Defendant had breached that agreement by failing to conduct a proper appraisal of Parker's property. On May 17, 2013, Defendant removed the case to the Western District of North Carolina (Doc. No. 1). On May 24, 2013, Defendant filed its Answer and Counterclaim against Parker (Doc. No. 3), alleging that Parker had defaulted on the Note by failing to make payments required by the Note, and that Defendant was entitled to a judgment against Parker for the principal amount of the loan, together with accrued interest, late fees, and other charges. On June 10, 2013, Parker filed an Answer to the Counterclaim denying the substantive allegations in the Counterclaim, but presenting no defenses (Doc. No. 4).

On September 17, 2013, Defendant filed a Motion to Dismiss Parker's claims for failure to state a claim (Doc. No. 7). Parker failed to respond, and the Court subsequently granted the Motion, dismissing all claims against Defendant. (Doc. No. 8). On January 30, 2014, Defendant filed this Motion for Summary Judgment. Parker has once again failed to respond.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 248 (1986). The mere existence of a scintilla of evidence in support of the non-movant's position is not sufficient to establish a genuine dispute. *Id.* at 252. A material fact affects the outcome of the suit under the applicable substantive law. *See id.* at 248. When determining whether a dispute is genuine or a fact is material, courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## III. DISCUSSION

In support of its Motion for Summary Judgment, Defendant proposes that the following facts are undisputed:

1. Parker executed the Note. (*See* Parker's Response to Defendant's Request for Admission No. 1, Doc. No. 9 Ex. A).

2. The Note provides that Parker's failure to pay the full amount of each monthly payment on the due date constitutes default. (*See* Note ¶ 6.B., Doc. No. 11 Ex. B).

3. Parker executed the Loan Agreement. (*See* Parker's Response to Defendant's Request for Admission No. 2, Doc. No. 9 Ex. A).

4. Pursuant to the terms of the Loan Agreement, Parker agreed to make monthly payments of principal and interest of $1,695.68, beginning on September 1, 2007 and continuing thereafter until the loan was paid in full. (*See* Loan Agreement ¶ 3, Doc. No. 11 Ex. A).

5. Parker stopped making payments as required by the Note and Loan Agreement and has not fully repaid Defendant for all of the principal and interest as required by the terms of the Note. (*See* Parker's Response to Defendant's Request for Admission No. 7, Doc. No. 9 Ex. A).

6. Parker failed to assert any defenses to Defendant's Counterclaim in his Answer.

Based on these facts, Defendant asserts that it is entitled to summary judgment in its favor. After a thorough review of the record, as well as the documents cited by Defendant in support of its Motion, the Court agrees that Defendant is entitled to summary judgment. The undisputed facts set forth by Defendant conclusively demonstrate that Parker executed the Note and that he is in default of that Note. The Court also notes that Parker filed no opposition to Defendant's Motion. As such, the Court finds that there is no genuine dispute as to any material fact with respect to Defendant's Counterclaim, and that Defendant is entitled to summary judgment in its favor.

Defendant further asserts that, as of June 10, 2013, Parker owed Defendant the principal amount of $253,974.69, together with accrued interest in the amount of $15,240.87, plus late fees and other charges in the amount of $1,994.39, plus interest from June 10, 2013 at the rate of $44.36 per diem, plus reasonable attorneys' fees and the costs of this action. (*See generally* Arthur Aff.). This description, however, does not provide the Court with a precise figure for the purposes of entering a judgment. Defendant is directed to submit to the Court a precise calculation of the amount to which it believes it is entitled, supported by affidavits, within **fourteen (14) days** of the date of this order. Plaintiff may file a response, if he so wishes, within **seven (7) days** of the date of Defendant's filing.

### IV. CONCLUSION

Based upon the foregoing, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall submit a precise calculation of the amount to which it believes it is entitled, supported by affidavits, within **fourteen (14) days** of the date of this order. Plaintiff may file a response, if he so wishes, within

4

**seven (7) days** of the date of Defendant's filing. The Clerk of Court is directed to withhold judgment in this case until these filings are received and until further order of the Court.

**SO ORDERED.**

Signed: April 15, 2014

Graham C. Mullen
United States District Judge